UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 0422 2:25cr00063-001 |
| ) | |
| SHANE MATTHEW HARLACHER ) | |
| ) | |
| Defendant. ) | |

## POSITION OF THE DEFENDANT ON SENTENCING

COMES NOW the Defendant, Shane Matthew Harlacher, by and through his counsel, Eric Leckie, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements as well as this Court's Sentencing Procedures order, and hereby represents that the Defendant has reviewed the Probation Office's Pre-Sentence Report ("PSR") and respectfully notifies the Court of his position on sentencing. Mr. Harlacher sets forth the following as his position on sentencing:

### Procedural History

On May 21, 2025, Mr. Harlacher was named in a four-count indictment that a grand jury returned in the Eastern District of Virginia, Norfolk Division. Counts one and two charge Mr. Harlacher with Production of Child Sexual Abuse Material, in violation of 18 U.S.C. § 2251(a). Count three charges Mr. Harlacher with Transportation of Child Sexual Abuse Material, in violation of 18 U.S.C. § 2251(a)(1). Count four charges Mr. Harlacher with Possession of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(A) and (b)(2).

1

On September 17, 2025, Mr. Harlacher appeared before the Honorable Raymond A. Jackson and pled guilty to count one, Production of Child Sexual Abuse Material and Attempt, in violation of 18 U.S.C. § 2251(a) of the four-count indictment. The Court accepted Mr. Harlacher's plea, he was found guilty, and sentencing was continued pending the completion of the PSR.

## Argument

The mandate of §18 U.S.C. §3553(a) is for the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in the second paragraph of that same statute. In *Rita v. United States*, the Court summarized the factors:

> (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

*Rita v. United States*, 551 U.S. 338, 347-48 (2007). Since the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), courts across the country have recognized that there is no presumption favoring the guidelines in the district court. As stated in *Rita*, "the sentencing court does not enjoy the benefit of a legal presumption that the guideline sentence should apply." 551 U.S. at 351. Thus, there is "no thumb on the scale in favor of a guideline sentence." *United States v. Wachowiak*, 496 F.3d 744, 749 (7th Cir. 2007). See also *United States v. Glover*, 431 F.3d 744, 752-753 (11th Cir. 2005); *United States v. Rita*, 551 U.S. at 367 (Stevens, J. concurring) ("I trust that those judges who have treated the guidelines as virtually mandatory during the post-Booker interregnum will now recognize that the guidelines are truly advisory."). Rather, the guideline range

serves as the "starting point and the initial benchmark" for the Court's sentencing decision. *Kimbrough v. United States*, 552 U.S. 85, 108 (2007). Additionally, the Supreme Court has specifically ruled that, in balancing the 3553(a) factors, a judge may reason that, in the particular case, a within-guidelines sentence is greater than necessary to serve the objectives of sentencing. *Id*. at 564. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) ("a district court may consider arguments that the guidelines sentence itself fails properly to reflect 3553(a) considerations, or [that] the case warrants a different sentence regardless.")  In every single case, the directions given to the court at sentencing instruct the sentencing court to consider all the 3553(a) factors, not just the guidelines, in fashioning a sentence that is sufficient but not greater than necessary to meet the goal of sentencing. Additionally, the court can consider reports and policy statements of the Sentencing Commission regarding the guidelines. Taking careful consideration of the § 3553 factors, Mr. Harlacher requests the Court to sentence him to 180 months of active incarceration followed by a term of supervised release between 5 years and life. Such a sentence would accomplish the goals of the statute, retribution, deterrence, incapacitation, and rehabilitation. This sentence would be sufficient but not greater than necessary to meet the goal of sentencing.

<b><u>History and Characteristics of Mr. Harlacher</u></b>

The Court must consider the defendant's crime not in a vacuum but considering his entire life. Mr. Harlacher was born in Milwaukee, Wisconsin. Mr. Harlacher's parents divorced when he was a young child. He maintained a great relationship with his mother, as she was the primary caretaker during his life. He also maintained a relationship with his Father, often seeing him during summer breaks and Christmas. When Mr. Harlacher was

in eighth grade, his mother married his stepfather, Ralph Loshe. Mr. Loshe acted as a father figure for Mr. Harlacher. Unfortunately, Mr. Loshe passed away in April 2025. Overall, Mr. Harlacher experienced a normal upbringing that did not involve abuse.

The Court will also find letters submitted on Mr. Harlacher's behalf from those who know him best, attached as Exhibit A. This support motivates him daily and will continue to do so throughout his sentence. With this foundation, Mr. Harlacher is committed to serving his sentence in the most responsible and constructive manner possible and to reentering society with the continued guidance and support of those individuals as he works toward rehabilitation in the community.

Mr. Harlacher is a man who is worthy of redemption and the Court's consideration to give him another chance to follow the right path. Mr. Harlacher accepts responsibility for the actions that have brought him to this point today, but he does ask the Court to consider his prior history as an indicator of his future performance. Mr. Harlacher is a person who has never been in a situation like this before. While having no criminal history doesn't excuse the actions that brough him here today, individuals with no arrests or convictions have "an extremely low recidivism rate."[1] Additionally, Mr. Harlacher stated that he very much so regrets his involvement in the offense "more than anything [he has] ever regretted in [his] entire life." He is ready to face the consequences of his actions and that the court must hold him responsible at this point. Mr. Harlacher understands that no financial payment can undo the harm he has caused. What he can, and must do, is accept responsibility in every way available to him. One concrete way Mr. Harlacher plans to do this is by intending to pay his court-ordered restitution as promptly as possible. Mr.

---

[1] *Recidivism and the "First Offender"*, UNITED STATES SENTENCING COMMISSION (May 2004), https://www.ussc.gov/research/research-publications/recidivism-and-first-offender.

Harlacher isn't doing this because he believes it will buy him leniency, rather, it is his way of acknowledging that the restitution is not optional, it is owed for the damage he has caused.

Additionally, Mr. Harlacher, as part of his plea agreement, fully waived any objections he may have to the forfeiture of his home. That decision carries significant financial consequences. The forfeiture, combined with restitution and other financial penalties, results in a burden exceeding $250,000. Such a decision will alter his financial future and affect his ability to rebuild his life upon release. This substantial financial burden in no way compares to the harm suffered by the victims in this case, but it is real and reflects his willingness to accept meaningful consequences rather than minimize his responsibility.

While no monetary payment can restore the damage Mr. Harlacher caused, this Court should consider his immediate and complete acceptance of financial responsibility. Mr. Harlacher cannot change the past, but what he can do is accept the consequences of his actions.

**The Need to Provide Mr. Harlacher with Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Mr. Harlacher obtained his high school diploma in 2004 from Kewaskum High School located in Kewaskum, Wisconsin. Additionally, Mr. Harlacher began taking online classes towards a bachelor's degree at University of Arizona Global Campus. However, Mr. Harlacher has not been able to complete his bachelor's degree due to his service in the military and recurring deployments. Mr. Harlacher intends to obtain his bachelor's degree to continue to progress and better his future. It is Mr. Harlacher's intention to pursue whatever educational opportunities that are available to him during his incarceration with the Bureau of Prisons. Mr. Harlacher has been working for most of his adult life. He

enrolled in the Navy shortly after graduating high school. During high school, Mr. Harlacher also worked as a dishwasher at a restaurant. Mr. Harlacher has a plan upon his release to use whatever skills he has gained while incarcerated to support himself through legal employment.

As stated, Mr. Harlacher was in the United States Navy and held the rank of Chief Petty Officer (E-7). During his service, Mr. Harlacher went on numerous deployments. During this time, Mr. Harlacher received the following awards and commendations: 1 Joint Service Commendation Medal, earned for his time served in Afghanistan; 4 Navy Commendation Medals; 5 Navy Achievement Medals; and 1 Navy Outstanding Service Medal. These achievements speak to Mr. Harlacher's outstanding service and dedication to his work and country.

However, Mr. Harlacher's service also took a toll on him. While Mr. Harlacher was deployed in Afghanistan, he was assigned to a cellular phone exploitation team. During this time, Mr. Harlacher experienced emotional and psychological trauma when he was exposed to the results of the cell phone exploitation data and media contained in the files that included images of violence and gore.

Thereafter, Mr. Harlacher was diagnosed with anxiety and panic attacks at the Navy Medical Center located in Portsmouth, Virginia. He was also referred to an outpatient psychiatry center where he was diagnosed with anxiety disorder and routine stressors related to military health issues. Mr. Harlacher was also diagnosed with PTSD and prescribed clonazepam (Klonopin) to address his anxiety attacks and recommended to participate in therapy sessions. Because of Mr. Harlacher's numerous deployments, he was unfortunately unable to keep up with these therapy sessions.

From 2013-2020, Mr. Harlacher received no formal mental health treatment. To deal with his anxiety and panic attacks, Mr. Harlacher unfortunately turned to "self-medication," which included using alcohol and isolating himself at home when he felt anxious.

Mr. Harlacher would benefit greatly from therapy. Mr. Harlacher has struggled with anxiety, panic attacks, alcohol abuse, and pornography addiction. Mr. Harlacher wants to better himself while serving his sentence and that includes addressing the issues that brought him to where he is today. Mr. Harlacher has already taken steps to address these issues. When he first arrived at Western Tidewater Regional Jail, he requested mental health treatment. While he has yet to receive the help he needs, he hopes that while he is incarcerated, he will be able to receive that help. Mr. Harlacher requests that he may be placed in a facility where he can receive the mental health treatment that will help him succeed after his release.

**The Need for the Sentence Imposed to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public**

Mr. Harlacher recognizes and acknowledges the seriousness of his offenses. He pled guilty for his role in the offense, saving the government the time and expense of a lengthy trial. Additionally, he demonstrated acceptance of responsibility for his role in the offense and profound remorse for his involvement.

The Court must consider sentencing Mr. Harlacher to a period of incarceration that would specifically and generally deter Mr. Harlacher from committing further crimes. The sentence that Mr. Harlacher is suggesting is more than enough to deter Mr. Harlacher from committing any committing any other offenses. While we recognize the Government's

reasoning, Mr. Harlacher urges the court to recognize that the behavior involved here can be adequately curbed by the sentence of 180 months. With fifteen years in prison, Mr. Harlacher will have more than enough time to obtain mental health treatment, alcohol abuse treatment, and sex offender treatment. Even after Mr. Harlacher is released, he will still be subject to supervision by the probation office of this Court. While a lengthier sentence may appear to be better equipped at deterring future criminal behavior, that is not necessarily the case for individuals like Mr. Harlacher who are first time offenders. *See e.g.*, *United States v. Qualls*, 373 F.Supp.2d 873, 877 (E.D.Wis.2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."). To best deter Mr. Harlacher, this Court should impose a sentence of 180 months that is filled with opportunities for Mr. Harlacher to receive treatment.

     A sentence of 180 months of incarceration is a just punishment when considering Mr. Harlacher's "punishment" doesn't end when he finishes his term of incarceration. Upon his release, he will be subject to a term of supervised release. No matter how long this period of time is, he will be subject to a strict set of conditions that he will have to closely follow. Mr. Harlacher will appreciate the supervised release as a way to keep him accountable once released. On top of this period of supervised release, he will have to register as a sex offender, which comes with its own consequences, including a negative stigma from members of his community that will follow him for a lifetime. Mr. Harlacher requests that this Court consider the collateral consequences that comes with being a sex offender and a felon when considering a just term of imprisonment.

Mr. Harlacher regrets his actions, and an appropriate sentence of 180 months will justly punish him for those actions and everything else that is considered with his conduct. Mr. Harlacher is just 39 years old and still a very young man. If the Court agrees with this counsel's request and imposes a total sentence of 180 months, Mr. Harlacher will be entering his mid-50s by the time he is released from custody. Given his age,[2] his commitment to live a law-abiding and productive life once he is released, his time away from the bad influences, there is a low likelihood that Mr. Harlacher will re-offend or violate the terms of his release. At this point in his life, Mr. Harlacher is experiencing the harsh reality that this type of behavior leads to a large portion of life being spent away from friends and family. Mr. Harlacher has vowed to never make these mistakes again. Under these circumstances, it is apparent that a sentence of 180 months is a just punishment.

---

[2] "Age exert[s] a strong influence on recidivism. . . . Older offenders [are] less likely to recidivate after release than younger offenders[.]". *The Effects of Aging on Recidivism Among Federal Offenders*, UNITED STATES SENTENCING COMMISSION (Dec. 7, 2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders.

## Conclusion

For the reasons stated above, Mr. Harlacher, through counsel, respectfully submits that a sentence of 180 months of active incarceration followed by a term of supervised release between 5 years and life will accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553.

Respectfully Submitted

Shane Matthew Harlacher

_____/s/_____
Eric Leckie
Virginia State Bar # 86847
Counsel for Shane Harlacher
Invictus Law
1240 Perimeter Parkway, Suite 404
Virginia Beach, Virginia 23454
ericleckie@invictus-law.com
Office  757-337-2727
Fax     757-474-1671

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of February, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Emily R. Gantt, Assistant
United States Attorney's Office
101 West Main Street, Ste. 8000
Norfolk, Virginia 23510
Office Number:  757.441.6331
Email address –  Rebecca.gantt@usdoj.gov

                                                                            /s/
                                           Eric Leckie
                                           Virginia State Bar # 86847
                                           Counsel for Shane Harlacher
                                           Invictus Law
                                           1240 Perimeter Parkway, Suite 404
                                           Virginia Beach, Virginia 23454
                                           ericleckie@invictus-law.com
                                           Office  757-337-2727
                                           Fax     757-474-1671